■ In the Matter of FAYMOR DEVELOPMENT COMPANY, INC., Respondent, v EMANUEL P. POPOLIZIO, as Chairman of the New York City Conciliation and Appeals Board, Appellant. — In a proceeding pursuant to CPLR article 78 to, *inter alia,* review a determination of the Chairman of the New York City Conciliation and Appeals Board, the appeal is from a judgment of the Supreme Court, Kings County (Held, J.), dated January 28, 1981, which granted the petition. Judgment reversed, on the law, with $50 costs and disbursements, determination confirmed, proceeding dismissed on the merits and two orders of the Conciliation and Appeals Board (Nos. 11,815 and 13,443) are reinstated. A tenant in a building owned by Faymor Development Company, Inc., filed a complaint of rent overcharge with the CAB on December 28, 1979. The tenant alleged that he had taken occupancy of the apartment pursuant to a three-year lease to extend from September 1, 1978 through August 31, 1981. It was alleged further that Faymor had refused, after a request, to show the tenant the prior leases to the apartment in violation of Faymor's obligation pursuant to the Rent Stabilization Law. On January 17, 1980 the CAB served upon the owner a written notice of the commencement of a CAB proceeding and a copy of the tenant's complaint. The notice specifically advised Faymor of its right to file an answer and that it was required to supply the CAB, within 10 days, with copies of all prior leases and riders thereto in effect for the subject apartment since May 31, 1968. The notice also reminded Faymor that section 42A of the Code of the Real Estate Industry Stabilization Association of New York City requires an owner to maintain and submit the said documents, as well as the fact that the failure to timely comply with the request for documents would be prejudicial to Faymor's case. Faymor failed to timely produce the required documents. On February 28, 1980 the CAB rendered its determination in Order No. 11,815. It found that, based on the evidence before it, Faymor had failed to comply with its obligations under section 42A of the Code which requires the production of prior leases upon the request of a tenant or the CAB as well as a rider to the lease explaining a tenant's right to review prior leases. Pursuant to sections 42A, 7 and 8 of the Code the CAB directed a rollback in the tenant's lease of the last authorized increase of the Rent Guideline Board. A provision was made for the prospective reinstatement of the rent contained in the lease upon the production of the required documents. On March 17, 1980 Faymor substantially produced the required prior leases, together with a request to have the rent reinstated retroactively to the beginning of the lease in question. On August 7, 1980 the CAB rendered a second order (No. 13,443). The CAB found that Faymor had complied with the document request and that a rent overcharge did not exist, but its new order permitted Faymor to collect the rent listed in the lease only prospectively from April 1, 1980, the first of the month following the submission of the documentation. The order also corrected a technical error in the calculation of the rent reduction contained in the first order. The proper standard of review of a CAB order is whether the "determination was without rational basis or warrant in the record or that it was arbitrary or capricious" (see *Matter of Plaza Mgt. Co. v City Rent Agency,* 48 AD2d 129, 131, affd 37 NY2d 837). Both orders have a rational basis in the record. The CAB, following approved procedures, notified Faymor of the tenant's complaint and of Faymor's obligations and rights. Faymor's failure to timely produce the requested documents was not in compliance with section 42A of the Code. Therefore, CAB correctly established the tenant's stabilized rent based on the record before it (see *Matter of Century Operating Corp. v Prince,* 75 AD2d 536). The CAB was empowered to reduce

the rental under the lease by the authorized guideline amount (see §§ 38, 42A of the Code). The CAB also properly provided for a prospective restoration of the increase once Faymor was in compliance with the Code. In the second order, the CAB correctly authorized the reinstatement of the rent contained in the lease prospectively from the time Faymor produced the required documentation. Faymor did not present a valid excuse for its failure to produce the documents in a timely manner. The denial of the request to reinstate the higher rent retroactively to the first day of the lease was therefore neither arbitrary nor capricious. Titone, J. P., Lazer, Brown and Niehoff, JJ., concur.