■ FIRST AMERICAN EQUITY ASSOCIATES (1973), Respondent, v WOFSEY, CERTILMAN, HAFT & LEBOW, et al., Appellants, and 1979 EQUIDYNE PROPERTIES-III et al., Intervenors-Appellants. — Order, Supreme Court, New York County (H. Schwartz, J.), entered June 11, 1982, which, after granting reargument adhered to a previous order entered May 27, 1982, that had directed the defendants, a law firm and one of its partners, to turn over to the court certain property held under an escrow agreement and, in addition, granted plaintiff's motion for partial summary judgment on its first cause of action and directed defendant law firm to turn over to plaintiff the escrow funds, unanimously modified, on the law, to deny the motion for partial summary judgment and to vacate the directions to turn over the escrow funds, and otherwise affirmed, without costs. Appeal from order dated May 27, 1982 dismissed as subsumed above. In October, 1979 the plaintiff sold certain New Jersey real estate to Eastland Industries, Inc., whose interest as purchaser was thereafter succeeded to by Eastland Properties, Inc., and then by 1979 Equidyne Properties-III, the intervenors-appellants. The property was paid for in part by a purchase-money note and mortgage, and additional promissory notes of the limited partners of 1979 Equidyne Properties-III. The notes were placed in escrow with the defendant law firm as escrow agent pursuant to an agreement dated October 1, 1979. The issues presented on this appeal involve construction of certain provisions of that escrow agreement. Under the several agreements entered into the purchasers were obligated to pay $135,000 on December 15, 1980 and 1981, and $125,000 on December 15, 1982 and 1983. The purchasers did not make the stipulated December 15, 1981 payment. Plaintiff mailed to Eastland Industries, Inc., by certified mail, a notice of default, a demand to cure within 10 days, and a notice of intent to accelerate the maturity of the entire balance. A copy was mailed to defendant Swartz, a partner of the defendant law firm. By certified letters dated January 19, 1982 to Eastland, Equidyne and Swartz, received by the law firm on January 22, 1982, plaintiff elected to accelerate the balance owing on the underlying note and demanded of the escrow agent delivery of the escrow property. Swartz deposed that he was not aware of the receipt of this letter until January 26, 1982 and that three business days later, on February 1, 1982, he forwarded a copy of plaintiff's letter to the purchasers, and advised them that they had five business days from receipt to object to the release of the escrow funds. By letter dated February 5, 1982 the purchasers communicated to the escrow agent an objection to the release of the escrow property. The escrow agent refused to release the property, and plaintiff commenced this action on February 5, 1982 against the law firm and Swartz, together with an order to show cause seeking

deposit into court of the escrow property. Omitting certain procedural steps not critical to the issue before us, it suffices to note preliminarily that Special Term denied a motion by the purchasers to intervene and for other relief (an order thereafter modified by this court in an order entered August 26, 1982 to grant the motion to intervene [see *First Amer. Equity Assoc. (1973) v Wofsey Certilman, Haft & Lebow,* 89 AD2d 857]). Special Term then granted plaintiff's motion to require the escrow agent to deposit the escrow property in court in an order entered May 27, 1982. Thereafter on reargument Special Term adhered to that determination and further granted plaintiff's motion for summary judgment directing that the escrow property be turned over to the plaintiff. These orders were premised on Special Term's conclusion that the purchasers had failed to communicate a timely notice of objection to the escrow agent to plaintiff's notice of default. We disagree, and accordingly modify the order entered below to deny plaintiff's motion for summary judgment on the first cause of action and to vacate the directions to the escrow agent to turn over the escrow property. Paragraph 7 of the escrow agreement is explicit that in the event the escrow agent shall have received from the purchasers a notice of objection in response to a notice of default from the seller as provided in paragraph 4, the escrow agent is entitled to refuse to comply with the demand to turn over the escrow property and to refuse so to act until the rights of the claimants have been fully adjudicated in court or otherwise adjusted by mutual agreement. Paragraph 4 of the escrow agreement, the construction of which is critical to the issue, provides as follows: "Upon receipt of a notice from Seller that Purchaser is in default under the Agreement, Escrow Agent shall promptly mail a copy thereof (by registered or certified mail, return receipt requested) to Purchaser. Purchaser shall have the right to object to the delivery of the Escrow Fund to Seller by delivery to and receipt by Escrow Agent of written notice of objection within five (5) business days following Purchaser's receipt of Seller's notice, but not thereafter. Upon receipt of such notice of objections, Escrow Agent shall promptly mail a copy thereof (by registered or certified mail, return receipt requested) to the Seller." The record is clear that the purchasers communicated their written notice of objection within five business days after receiving from the escrow agent a copy of the seller's notice of default. Plaintiff's principal contention, apparently accepted by Special Term, is that the five days allotted for communicating to the escrow agent a written notice of objection commenced running when the purchasers received from the seller a copy of the notice of default that had been mailed to the escrow agent. Although not entirely implausible, we think that when the critical language is read in context the more probably correct construction is that the period was to run from the time the escrow agent mailed a copy of the notice of default to the intervenors. This clearly was the understanding of the purchasers. On December 29, 1981, several weeks before the notices of default were mailed, they had commenced an action in the United States District Court for the Eastern District of Pennsylvania charging the plaintiff with breach of warranty and fraud in the inducement in connection with the purchase transaction, and seeking to enjoin a declaration of default on the underlying mortgage. In light of this already commenced action, it is improbable that the purchasers would have deliberately delayed communicating their objection to the notice of default if they did not understand, correctly in our view, that the five-day period commenced running with their receipt of a copy of seller's notice from the escrow agent. The plaintiff's further argument that the escrow agent had failed to discharge its duty to mail a copy of the notice of default to the purchasers promptly as required by paragraph 4 of the escrow agreement at best raises a factual issue. In any event, we are not persuaded

that the failure of the escrow agent promptly to transmit the notice of default that it received from the seller, if such a failure in fact occurred, could adversely affect the rights of the purchasers who had themselves acted in accordance with the controlling terms of the agreement. Concur — Murphy, P. J., Kupferman, Sandler, Asch and Kassal, JJ.