■ ANN BARCHER, Appellant, v ANTE RADOVICH, Respondent. —In an action to recover damages, *inter alia,* for constructive eviction and breach of the warranty of habitability, the plaintiff appeals, as limited by her notice of appeal and brief, from so much of a judgment of the Supreme Court, Queens County (Zelman, J.), dated September 13, 1989, as, upon trial rulings granting the defendant's motions to dismiss the third, fourth, fifth, seventh, eighth, ninth, and tenth causes of action prior to submission to the jury, and, upon a jury verdict, *inter alia,* finding the defendant not liable to the plaintiff for assault and battery, is in favor of the defendant and against the plaintiff.

Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, and the matter is remitted to the Supreme Court, Queens County, for a new trial before a different Justice, with costs to abide the event.

In October 1977, the plaintiff Ann Barcher moved into a rent stabilized apartment building located in Woodside, Queens. Six years later, the defendant Ante Radovich purchased the subject apartment building and became the plaintiff's landlord. According to the plaintiff, following the defendant's acquisition of the building, services declined, and she no longer received adequate heat. She further alleges that the defendant failed to provide adequate security and lighting in the building. The plaintiff claims that the defendant's failure to provide proper services was motivated by a desire to force her to vacate her apartment because she paid a low monthly rental and had complained to City agencies concerning conditions in the building.

The plaintiff alleges that on the evening of December 10, 1985, the defendant became verbally abusive towards her after observing her descend the building staircase with a shopping cart. The confrontation escalated, and the plaintiff claims that the defendant struck her in the forehead, and then pushed her against the front door, causing a glass pane in the door window to break. When the plaintiff returned to her apartment one day later, she discovered that it had been burglarized. The plaintiff later filed a criminal complaint against the defendant charging that he had physically assaulted her, and following a nonjury trial, the defendant was convicted of the violation of harassment, but acquitted of criminal assault.

The plaintiff subsequently commenced this action against

the defendant, seeking damages, *inter alia,* for assault and battery, harassment, "negligent burglary", intentional infliction of emotional distress, constructive eviction, and breach of the warranty of habitability. During the course of the ensuing jury trial, the court dismissed eight of the plaintiff's causes of action, and submitted to the jury only the plaintiff's claims for assault and battery. The jury returned a verdict in favor of the defendant on these claims. We now reverse, finding that the plaintiff was deprived of a fair trial by the cumulative effect of the trial court's improper dismissal of several of her claims, and the erroneous refusal to admit certain evidence favorable to the plaintiff.

At the outset of the trial, the defendant's attorney advised the court that the plaintiff had agreed to surrender her lease in exchange for $5,500, and urged the court to consider the parties' surrender agreement an accord and satisfaction of her constructive eviction claim. The trial court agreed that the plaintiff had forfeited her right to damages for constructive eviction by entering into the surrender agreement, and dismissed her cause of action for constructive eviction. A reading of the surrender agreement reveals, however, that the plaintiff merely agreed to relinquish all future tenancy claims to the apartment, including those rights she might otherwise have had with respect to the apartment pursuant to the Rent Stabilization Law. Accordingly, the trial court's conclusion that the surrender agreement acted as an accord and satisfaction of the plaintiff's constructive eviction claim was erroneous.

Moreover, the trial court improperly dismissed the plaintiff's claim for breach of the warranty of habitability upon the grounds that no evidence in support of this cause of action had been adduced at trial. Upon our review of the record, we find that not only was evidence adduced in support of this claim, but, more importantly, that other evidence relating to this cause of action was erroneously precluded by the court. In this regard, we note that when the plaintiff sought to admit into evidence certified New York City Department of Housing Preservation and Development records reflecting violations found in the defendant's building, the court precluded admission of the records in the absence of accompanying testimony from a Department representative to prove that these were business records kept in the regular course of business. This ruling was incorrect, since pursuant to CPLR 4518 (c), "books, papers [and] other things [of a] * * * department or bureau of [a] municipal corporation or of the state" (CPLR 2307 [a]), are

admissible as business records and are deemed *prima facie* evidence of the facts contained therein, "provided they bear a certification or authentication by the head of the * * * department or bureau of a municipal corporation or of the state, or by an employee delegated for that purpose" (CPLR 4518 [c]; *see also, Department of Hous. Preservation & Dev. v Gottlieb,* 136 Misc 2d 370, 377). No separate authenticating witness is necessary *(see,* McLaughlin, 1970 Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 4518 [1991 Pocket Part], at 420).

During the course of trial, the court additionally dismissed the plaintiff's negligence cause of action, which was predicated upon the plaintiff's claim that the defendant had failed to repair the broken window pane in the apartment building's front door, allowing an intruder access to the building. The court dismissed this claim, finding that the defendant's failure to repair the door prior to the burglary was insufficient to constitute negligence in security. However, the issue of whether the defendant's failure to repair the door, which had been broken in his presence, within a reasonable period of time, constituted negligence, was a question of fact for the jury and the court usurped its function by determining this issue as a matter of law.

Turning to the court's dismissal of the plaintiff's intentional infliction of emotional distress claim, we note that the record fails to explain why the court reversed its earlier decision to submit this claim to the jury and simply declined to charge this cause of action. In view of the fact that evidence in support of this claim was introduced by the plaintiff, the court should have given an instruction on intentional infliction of emotional distress.

Finally, we find that since evidence concerning the defendant's acquittal of criminal assault was admitted at trial, it would have been appropriate for the court to have instructed the jury, as requested by the parties, on the difference between a criminal charge of assault and a civil claim of assault, and to have advised the jury of the different burden of proof utilized in criminal cases. Rosenblatt, J. P., Eiber, Miller and Ritter, JJ., concur.