OPINION OF THE COURT
Per Curiam.
Orders dated July 1, 1991 reversed, with $10 costs, tenants’ motions for summary judgment dismissing the petitions are denied and landlord’s motion for leave to amend the petitions is granted. The amended petitions, dated May 14, 1991, shall be deemed served in the form annexed to landlord’s moving papers, and tenants may serve amended answers within 20 days of this order.
Order dated June 30, 1991 reversed, without costs, and landlord’s motion granted to the extent of dismissing tenants’ respective counterclaims for reimbursement of rent previously paid.
These are summary proceedings for possession of separate loft units situated on the 21st and 22nd floors at premises 265 West 37th Street, Manhattan. The units in question became subject to the Loft Law by virtue of a 1987 amendment to article 7-C of the Multiple Dwelling Law (Multiple Dwelling Law § 281 [4]), which extended coverage to additional units not encompassed by the original 1982 enactment. The petitions as initially served alleged, inter alla, that landlord had registered the building premises with the Loft Board but that coverage under article 7-C was being contested before the Board.
During the pendency of these proceedings, the constitutionality of the amendment to the loft statute was directly challenged by the City of New York as contrary to local zoning regulations. Ultimately, the Appellate Division affirmed Supreme Court’s declaration of constitutionality (City of New York v Lower Manhattan Loft Tenants, NYLJ, Nov. 21, 1989, at 21, col 5 [Sup Ct, NY County], affd sub nom. City of New York v State of New York, 171 AD2d 629, appeal dismissed 78 *492 NY2d 951). Subsequent to the appellate determination, Civil Court denied landlord’s application to amend the petitions to reflect and concede the (now) established application of article 7-C to the subject premises. The motion to amend should have been granted, particularly since even the original petitions had adverted to the premises’ status as an interim multiple dwelling; the proceedings had not progressed beyond the pretrial stage; and the lack of demonstrable prejudice to the tenants (Jackson v New York City Hous. Auth, 88 Misc 2d 121; Rosgro Realty Co. v Braynen, 70 Misc 2d 808, 810, affd sub nom. Grosfeld v Braynen, 41 AD2d 605; see generally, Barbour v Hospital for Special Surgery, 169 AD2d 385).
Both the nonpayment and holdover proceedings in this litigation may go forward on the amended petitions. As to the nonpayment against respondents Gotham Craftsman Limited et al, a question of fact exists as to whether landlord took "all reasonable and necessary action” to obtain a certificate of occupancy and legalize the premises (Multiple Dwelling Law § 284 [1] [i]; Cromwell v Le Sannom Bldg. Corp., 171 AD2d 458; cf., County Dollar Corp. v Douglas, 161 AD2d 370). Here, no timetable for legalization was provided in the statute for buildings brought within the purview of the Loft Law by the 1987 amendment. Moreover, so far as appears from the record, the Loft Board — the agency which has primary jurisdiction over interim multiple dwellings — was not requiring landlords to proceed with legalization of buildings covered by the amendment pending the resolution of the city’s legal challenge to the amendment. In these circumstances, a summary dismissal of the nonpayment proceeding was not warranted since it cannot be said as a matter of law that landlord’s actions were unreasonable.
With respect to the holdover proceeding against respondents Jarzombek et al., the amended petition alleges a valid cause of action insofar as it seeks to recover the northeast portion of the 22nd floor on the ground of nonprimary residence (see, Matter of Lower Manhattan Loft Tenants v New York City Loft Bd., 66 NY2d 298). Indeed, in an affidavit submitted below, Jarzombek concedes that she does not occupy this space and that she sublet it to respondent Harley in 1981. The issues of which, if any, of the named respondents are entitled to possession, and which of the respondents are responsible to the landlord for use and occupancy, are reserved for trial.
Upon the authority of our previous decisions in Goho Equities v Weiss (149 Misc 2d 628 [McCooe, J., dissenting]) and 873 *493 Broadway Assocs. v Smokier (NYLJ, Sept. 19, 1991, at 24, col 1), landlord’s motion to dismiss tenants’ respective counterclaims for the return of rent previously paid is granted. "There is no provision in Article 7-C of the Multiple Dwelling Law for the recovery of back rent voluntarily paid” (873 Broadway Assocs. v Smokler, supra, at 24, col 2). Tenants’ counterclaims for breach of the warranty of habitability are preserved.
Ostrau, P. J., Riccobono and Parness, JJ., concur.