■ In the Matter of GODEL S. GANDLER, Appellant, v DON-ALD HALPERIN, as Commissioner of the New York State Division of Housing and Community Renewal, et al., Respondents. [648 NYS2d 998] —In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Division of Housing and Community Renewal, dated October 14, 1994, finding, *inter alia,* that the petitioner was liable for willful rent overcharges and treble damages in the sum of $33,736.52, the petitioner appeals from a judgment of the Supreme Court, Kings County (Garry, J.), dated July 3, 1995, which denied the petition and dismissed the proceeding.

Ordered that the judgment is modified, on the facts, by deleting the provision thereof which dismissed that branch of the petition which challenged the amount of the rent overcharge and treble damages awarded, and substituting therefor a provision granting that branch of the petition to the extent of vacating the award; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the New York State Division of Housing and

Community Renewal for recalculation of the amount of the rent overcharge and treble damages in accordance herewith.

A tenant in a building owned by the petitioner filed a rent overcharge complaint with the New York State Division of Housing and Community Renewal (hereinafter the DHCR) in 1988. The DHCR determined that the premises in question were subject to rent stabilization upon the addition of a sixth residential unit in 1978. We conclude that this determination had a rational basis on the record and was neither arbitrary nor capricious (see, Matter of Faymor Dev. Co. v Popolizio, 89 AD2d 857; Matter of Plaza Mgt. Co. v City Rent Agency, 48 AD2d 129, 131, affd 37 NY2d 837).

Pursuant to the Rent Stabilization Law of 1969 (Administrative Code of City of NY § 26-516 [a]), in the case of a rent overcharge the landlord will be liable to the tenant for a penalty equal to three times the amount of the overcharge. The statute permits the owner to avoid the penalty of treble damages if he establishes by a preponderance of the evidence that the overcharge was not willful. Here the petitioner failed to meet that burden and thus treble damages were properly awarded (see, Matter of Wai Leung Chan v New York State Div. of Hous. & Community Renewal, 207 AD2d 552).

However, the matter must be remitted to the DHCR for recalculation of the amount of treble damages. The DHCR determined that the rent overcharge was willful once the Civil Court, Kings County, issued a ruling in an eviction proceeding brought by the petitioner that the subject apartment was protected by the Rent Stabilization Law. As the parties agree that the correct date of the Civil Court's order was June 17, 1988, the DHCR erred in calculating treble damages from July 1, 1987.

In addition, the DHCR should recalculate the amount of the rent overcharge. Pursuant to the Rent Stabilization Law of 1969 (Administrative Code § 26-516 [a] [2]), the DHCR may assess rent overcharges for a four-year period prior to the filing of the overcharge complaint. The tenant's complaint was filed on September 7, 1988. Therefore, the DHCR erred in assessing overcharges for any period prior to September 7, 1984.

We have reviewed the petitioner's remaining contentions and find them to be without merit. O'Brien, J. P., Thompson, Joy and Goldstein, JJ., concur.