OPINION OF THE COURT
Memorandum.
Judgments unanimously modified by striking the awards of possession and arrears to plaintiff and by providing that plaintiff’s causes of action for ejectment are dismissed with prejudice, and that plaintiff’s causes of action for use and occupancy are dismissed with prejudice with respect to defendant Heward-Mills and without prejudice with respect to defendant White, and by further providing that the dismissal of appellants’ counterclaims for rent overcharge is without prejudice; as so modified, affirmed with $25 costs to appellants.
Plaintiff’s addition of a sixth unit (allegedly in 1992) brought all the units in the building under rent stabilization (Matter of Gandler v Halperin, 232 AD2d 637; Wilson v One Ten Duane St. Realty Co., 123 AD2d 198; 109 (Graham Ave. Corp. v Espinal, NYLJ, May 17, 1988, at 15, col 2 [App Term, 2d & 11th Jud Dists]; Jordan Mfg. Corp. v Lledos, 153 Misc 2d 296; Gandler v Rosado, 138 Misc 2d 740), and defendants-appellants can be evicted only upon one of the grounds set forth in section 2524.3 of the Rent Stabilization Code (9 NYCRR) and only after being served with the notices required under section 2524.2 of the code. Inasmuch as plaintiff did not plead and prove the existence of such grounds and did not serve the required notices, its causes of action for ejectment are dismissed (see, Seckin v Davenport, NYLJ, Mar. 18, 1999, at 31, col 2 [App Term, 2d & 11th Jud Dists]).
Plaintiffs cause of action for use and occupancy is dismissed with prejudice with respect to defendant Heward-Mills because the lack of a proper certificate of occupancy (CO) for her apartment precludes recovery of rent or use and occupancy for this apartment (Hornfeld v Gaare, 130 AD2d 398; cf., Jalinos v Ramkalup, 255 AD2d 293). However, defendant Heward-Mills may not recover rents paid based solely on this ground (Baer v Gotham Craftsman, 154 Misc 2d 490; Goho Equities v Weiss, 149 Misc 2d 628; Wokal v Sequin, 167 Misc 463).
Plaintiffs cause of action for use and occupancy is dismissed without prejudice with respect to defendant White. Because her unit is unaffected by the CO violation on the third floor, the lack of a CO does not bar recovery with respect to her unit (e.g., Shoretown Mgt. v Kahili, NYLJ, Oct. 28, 1993, at 27, col 3 *28 [App Term, 1st Dept] [recovery of rent permitted where residential use of basement space did not adversely affect residential occupancy of tenant in sixth-floor apartment]; Little v Joseph, NYLJ, May 4, 1992, at 27, col 5 [App Term, 1st Dept] [alleged nonconforming use on second and third floors did not bar collection of rent from residential tenant on eighth floor]; 50 E. 78th Corp. v Jire, NYLJ, Dec. 2, 1991, at 25, col 1 [App Term, 1st Dept]; Milbeck Apts. v McLeon, NYLJ, Oct. 9, 1990, at 28, col 1 [App Term, 1st Dept] [addition of illegal units did not bar recovery of rent where tenant occupied a legal unit whose structure was unaffected]; Bancroft, Inc. v Brewster, NYLJ, July 10, 1985, at 6, col 2 [App Term, 1st Dept]). However, inasmuch as plaintiff has not registered the premises with the Division of Housing and Community Renewal, a legal regulated rent has not yet been established (Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-512 [e] [contained in tit 26, ch 4, § 26-501 et seq.]', Murray v Morrison, 181 Misc 2d 209, 214; see also, Ramlie v Soufer Family, 287 AD2d 388), and plaintiff’s cause of action for rent arrears is premature. While plaintiff denominated its cause of action as one for use and occupancy rather than for rent arrears, it “may not evade the effect of * * * the statutory provision by the simple expediency of labeling what is essentially a rent action, as one for use and occupancy” (Harris v Corbin, 79 Misc 2d 971; see, Jalinos v Ramkalup, supra; Baum Residence Corp. v Van Rosson, 206 Misc 314). Similarly, because an overcharge is the collection of rent above the legal regulated rent (Administrative Code § 26-516 [a]), defendants-appellants’ causes of action for the recovery of overcharges, if they lie at all, must await the establishment of the legal regulated rents (see, Murray v Morrison, supra).
We note that subdivisions (e) and (f) of section 2520.6 of the Rent Stabilization Code (9 NYCRR, as amd in Dec. 2000) define the legal regulated rent in terms of the rent charged four years prior to the interposition of the overcharge complaint. However, the intent of this definition was to implement the four-year statute of limitations in a manner consistent with binding judicial precedent and not to obviate the rule that an owner must register before he may seek to collect rents (Murray v Morrison, supra).
Aronin, J.P., Patterson and Golia, JJ., concur.