Anthony Ortiz, Appellant,
against
Oliver M. Sohngen, Tenant, Amanda Andries, Respondent, et al., Undertenants. NO. DECIDED Sharon E. Cook, Esq., for appellant. The Legal Aid Society, Jacob O. Madubuko, Esq., for respondent.



Appeal from an order of the Civil Court of the City of New York, Queens County (Clifton A. Nembhard, J.), entered April 7, 2015. The order granted a motion by tenant Amanda Andries to dismiss the petition in a holdover summary proceeding.




ORDERED that the order is affirmed, without costs.
In this holdover proceeding, the petition alleges that the subject apartment is not rent regulated because it "is within a building containing less than six apartments." Pursuant to a stipulation, so much of the proceeding as was against tenant Oliver M. Sohngen was discontinued. Amanda Andries (tenant) answered, asserting that the building contained more than six residential units and that the petition was defective because it failed to accurately state the rent-regulatory status of the building. Tenant moved to dismiss the petition, attaching as an exhibit a certified copy of a New York City Department of Buildings (DOB), Environmental Control Board violation (ECB violation) against landlord dated April 6, 1999, which cited landlord for altering the building's occupancy from one with six approved residential units to an illegal 10-family dwelling and demonstrated that a hearing had been held and that landlord had been found to be in violation.
Once a building contains six or more units, all the units in the building are brought under rent stabilization (see Matter of Gandler v Halperin, 232 AD2d 637 [1996]; Commercial Hotel v White, 194 Misc 2d 26 [App Term, 2d Dept, 2d & 11th Jud Dists 2002]). Moreover, even if the number of units is subsequently reduced to less than six, the building continues to be covered by rent stabilization (see Rashid v Cancel, 9 Misc 3d 130[A], 2005 NY Slip Op 51585[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2005]). 
Pursuant to CPLR 4518 (c), certified records of a department or bureau of a municipal corporation are admissible as prima facie evidence of the facts contained therein (see Barcher v Radovich, 183 AD2d 689 [1992]; Department of Hous. Preserv. & Dev. of City of NY v Gottlieb, 136 Misc 2d 370 [Civ Ct, NY County 1987]). Here, the record of the ECB violation, which has been certified by a designated certifying officer as authentic, is prima facie evidence that the premises contained more than the approved six residential units. Other than bare statements in affidavits of landlord and a person who was sometimes landlord's realtor, to the effect that the building has always been composed of five residential units and one commercial unit, landlord has not provided sworn proof on personal knowledge to rebut the DOB's determination either in the instant proceeding or in the 1999 DOB hearing. Instead, the ECB violation indicates that landlord was fined for the violation and paid the fine. 
Since the DOB's determination is unrebutted, it is conclusive. Thus, given that tenant's unit was subject to rent stabilization, she can only be evicted "upon one of the grounds set forth in section 2524.3 of the Rent Stabilization Code [9 NYCRR] and only after being served with the notices required under section 2524.2 of the code" (Commercial Hotel, 194 Misc 2d at 27). 
Accordingly, the order is affirmed.
Weston, J.P., Pesce and Aliotta, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 07, 2017