Beverly Holding NY, LLC, Appellant,
against
Tamara Blackwood, Respondent.




Alter & Barbaro, Esqs. (Nichole Castillo of counsel), for appellant.
Camba Legal Services, Inc. (Renee Murdock of counsel), for respondent.

Appeal from a final judgment of the Civil Court of the City of New York, Kings County (Kimberley S. Slade, J.), entered August 22, 2017. The final judgment, entered pursuant to a decision of that court (John H. Stanley, J.) dated June 23, 2017, after a nonjury trial, dismissed the petition in a holdover summary proceeding.




ORDERED that the final judgment is affirmed, without costs.
In this holdover proceeding, commenced by landlord's predecessor, the petition alleges that tenant's apartment is not rent regulated because it is within a building containing fewer than six residential units. At a nonjury trial, landlord's predecessor claimed that the building contains five residential units, and a commercial storage unit on the ground floor, rear of the building. Tenant contended that her apartment is rent stabilized because the ground-floor, rear unit had been used as a residential dwelling by at least two different tenants. The Civil Court denied landlord's predecessor's midtrial request for a continuance in order to produce one of the former tenants of the alleged sixth dwelling unit. Following the trial, the court issued a decision dated June 23, 2017, in which it awarded tenant a final judgment dismissing the petition with prejudice, finding that the building contains or did contain six residential units and therefore tenant's apartment is subject to rent stabilization. Also on June 23, 2017, a stipulation was entered into in which it was agreed that landlord would be substituted for landlord's predecessor in the caption and final judgment. A final judgment was entered on August 22, 2017 pursuant to the decision and stipulation.
In reviewing a determination made after a nonjury trial, the power of this court is as broad as that of the trial court, and this court may render the judgment it finds warranted by the facts, [*2]bearing in mind that the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824, 826 [2008]).
It is undisputed that five of the units in the building are residential. At trial, tenant and tenant's attorney's paralegal testified that they had been inside a sixth unit, the ground-floor, rear unit, and had observed that it was set up as a dwelling unit (including a kitchen, bathroom, and bed), and numerous photographs depicting that unit were admitted into evidence without objection. Tenant testified that the apartment contained "a living room with a closet . . . a kitchen with upper-lower cabinets, a hot plate, a refrigerator [and] a three-piece bathroom, a shower, toilet, medicine cabinet and storage." In contrast, landlord's predecessor's witness lacked personal knowledge of the layout of the unit, installation of fixtures, furniture, or any lease or agreement with the former tenant, who allegedly had rented the unit for storage purposes. Moreover, in a sworn statement contained in the petition of a separate summary holdover proceeding against a former tenant, which was admitted at the trial of this proceeding, landlord's predecessor had stated that the ground floor, rear apartment had been rented "for residential purposes."
Once a building has been altered by its owner or with its owner's knowledge to contain six or more units, all the units in the building are brought under rent stabilization (see Matter of Gandler v Halperin, 232 AD2d 637 [1996]; Commercial Hotel, Inc. v White, 194 Misc 2d 26 [App Term, 2d Dept, 2d & 11th Jud Dists 2002]). Rent stabilization continues even if the number of units is subsequently reduced to less than six (Rashid v Cancel, 9 Misc 3d 130[A], 2005 NY Slip Op 51585[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2005]).
Upon a review of the record, we find that the Civil Court's determination is amply supported by the record. Given that tenant's unit is subject to rent stabilization, she can be evicted only upon one of the grounds set forth in Rent Stabilization Code (9 NYCRR) § 2524.3 and only after being served with the notices required under section 2524.2 of the Code (Commercial Hotel, Inc., 194 Misc 2d at 27). 
With respect to landlord's contention that the Civil Court improvidently exercised its discretion in denying landlord's predecessor's request for a continuance of the trial in order to subpoena the prior tenant of the ground-floor, rear unit, we find that the Civil Court acted properly within its discretion. "The granting of an adjournment for any purpose is a matter resting within the sound discretion of the trial court. In making such a determination, the court must undertake a balanced consideration of all relevant factors" (Matter of Paulino v Camacho, 36 AD3d 821, 822 [2007] [internal quotation marks and citations omitted]; see 1346 Park Place HDFC v Wright, 52 Misc 3d 18, 22 [App Term, 2d Dept, 2d, 11th and 13th Jud Dists 2016]), including the relevance of the evidence sought during the proposed adjournment period and whether the need for an adjournment arose from a lack of due diligence. Here, it is not clear that the testimony of one of the prior tenants of the alleged sixth dwelling unit would be material, particularly given landlord's predecessor's sworn statement in a prior petition that the unit was residential. In addition, although the trial had been scheduled for three months, landlord's [*3]predecessor's attorney admitted that he had not attempted to contact the prior tenant or confirm that tenant's attorney would be producing him for trial.
Accordingly, the final judgment is affirmed.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 31, 2019