111 Kingsland Ave., LLC v Volchanin (2021 NY Slip Op 50417(U))

[*1]

111 Kingsland Ave., LLC v Volchanin

2021 NY Slip Op 50417(U) [71 Misc 3d 135(A)]

Decided on May 7, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 7, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2019-1464 K C

111 Kingsland Avenue, LLC, Appellant,
against
Yuriy Volchanin, Judith Bailey, Maria Fillipelli, Orin Brenda and
Gladys Rodriguez, Respondents. 

The Price Law Firm, LLC (Joshua C. Price and Heather Ticotin of counsel), for appellant.
Communities Resist, Inc. (Samuel H. Chiera of counsel), for respondents.

Appeal from an order of the Civil Court of the City of New York, Kings County (Thomas M.
Fitzpatrick, J.), dated February 19, 2019. The order granted tenants' motion for summary
judgment dismissing the petitions in consolidated holdover summary proceedings.

ORDERED that the order is affirmed, without costs.
Landlord commenced five separate holdover proceedings against five tenants, Yuriy
Volchanin, Judith Bailey, Maria Fillipelli, Orin Brenda and Gladys Rodriguez, seeking to recover
possession of five apartments in the same building. The petitions allege that the subject
apartments are not rent regulated because they are located within a building containing fewer
than six residential units. Each tenant asserted as a defense that the apartments in the building are
rent stabilized because the building at one time contained six residential units. The proceedings
were consolidated in the Civil Court, apparently under Index number 75567/17, and tenants
subsequently moved for summary judgment dismissing the petitions. By order dated February 19,
2019, the Civil Court granted tenants' motion.
The parties agree that the building has four residential units upstairs, and that the first [*2]floor is residential as well. In support of their motion, tenants
alleged that, at least during the period of 2001 to 2003, the first floor was divided into two
separate residential units, bringing the number of residential units to six during that time. Three
tenants submitted affidavits describing the two separate units on the first floor, and two of them,
including Gladys Rodriguez, stated that they had lived in one or both of them before moving into
apartments on the second floor. All three tenants' affidavits corroborated that, at some point after
Rodriguez had moved upstairs, the former landlord combined the first floor apartments into one
larger unit. Landlord, which purchased the building in 2017, failed to submit any affidavit or
documentary evidence in opposition to the motion rebutting the proof submitted by tenants.
Once a building contains six or more units, as it is uncontroverted that this one did, all of the
units in the building are brought under rent stabilization (see Matter of Gandler v
Halperin, 232 AD2d 637 [1996]; Beverly Holding NY, LLC v Blackwood, 63 Misc 3d 160[A], 2019
NY Slip Op 50877[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; Rashid v Cancel, 9 Misc 3d
130[A], 2005 NY Slip Op 51585[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2005]).
The rent-stabilization status continues even if the number of units is subsequently reduced to
fewer than six (see Beverly Holding NY,
LLC v Blackwood, 63 Misc 3d 160[A], 2019 NY Slip Op 50877[U]; Rashid v Cancel, 9 Misc 3d
130[A], 2005 NY Slip Op 51585[U]). Given that tenants are protected by rent stabilization,
they can be evicted only "upon one of the grounds set forth in section 2524.3 of the [Rent
Stabilization Code]" (Commercial Hotel v White, 194 Misc 2d 26, 27 [App Term, 2d
Dept, 2d & 11th Jud Dists 2002]), which has not been shown to be the case here.
Accordingly, the order is affirmed.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 7, 2021