# Rock-Park 94 LLC v Camba, Inc.

2024 NY Slip Op 30614(U)

February 27, 2024

Supreme Court, Kings County

Docket Number: Index No. 523061/2021

Judge: Francois A. Rivera

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 52 of the
Supreme Court of the State of New
York, held in and for the County of
Kings, at the Courthouse, at Civic
Center, Brooklyn, New York, on
the 27th day of February 2024

HONORABLE FRANCOIS A. RIVERA

-------------------------------------------------------------------X

ROCK-PARK 94 LLC,

                Plaintiff,

         - against-

CAMBA, Inc. and JOHN DOE,

             Defendants.

-------------------------------------------------------------------X

**DECISION, ORDER &
JUDGMENT**
Index No. 523061/2021

Oral Argument Date: 08-07-2023
Cal. Nos. 3
Mot. Seq. Nos. 1

By notice of motion, under motion sequence one, filed on December 30, 2022, defendant CAMBA, Inc. sought an order: (1) pursuant to CPLR 602, consolidating several civil actions involving common questions of fact and law (*see* fn 1); and (2) pursuant to CPLR 3211 (a) (7) dismissing the complaint of plaintiff 80 Lenox LLC. This motion was opposed by the plaintiff ROCK-PARK 94 LLC.  NYSCEF document nos. 14 through and including 28, were considered on motion sequence one.

After oral argument on the record, the order of the Court is as follows.

---

[1] The movant seeks to consolidate the following actions: 55 Lenox LLC v CAMBA Inc. et al., 523050/2021;  80 Lenox LLC v CAMBA Inc. et al., 523051/2021;  80 Lenox LLC v CAMBA Inc. et al., 523052/2021; West Sterling 131 LLC v CAMBA Inc. et al., 523053/2021; West Sterling 131 LLC v CAMBA Inc. et al., 523055/2021;  West Sterling 131 LLC v CAMBA Inc. et al., 523056/2021; RP82 LLC v CAMBA Inc. et al., 523057/2021; Rock-Park 94 LLC v CAMBA Inc. et al., 532058/2021; Rock-Park 94 LLC v CAMBA Inc. et al., 523059/2021; and Rock-Park 94 LLC v CAMBA Inc. et al., 523061/2021.

[* 1]

**BACKGROUND**

On September 9, 2021, Rock-Park 94 LLC (hereinafter plaintiff) commenced the instant action by filing a summons and verified complaint with the Kings County Clerk's office (KCCO) The verified complaint is asserted against CAMBA, Inc. (hereinafter CAMBA) and John Doe. CAMBA is a nonprofit that rents an apartment to provide supportive housing. The complaint contained four causes of action: a request for a declaratory judgment that the premises were not rent stabilized; a request for a judgment of ejectment; a request for a judgment for use and occupancy; and a request for a judgment for attorneys' fees against CAMBA.

CAMBA answered the complaint on October 15, 2021.

Plaintiff replied to CAMBA's counterclaims on November 4, 2021.

**MOTION PAPERS**

On December 30, 2022, defendant moved to consolidate this action with nine other related actions seeking identical relief against CAMBA and the apartment occupants with respect to nine other apartments and to dismiss each complaint.[2]

---

[2] The captions for the ten cases are as follows: *55 Lenox LLC v CAMBA, Inc. and Deydalia Quijada*, 523050/2021; *80 Lenox LLC v CAMBA, Inc. and Towanda Daniels*, 523051/2021; *80 Lenox LLC v CAMBA, Inc. and Cynthia Barnes*, 523052/21; *West Sterling 131 LLC v CAMBA, Inc. and John Doe* 523053/2021; *West Sterling 131 LLC v CAMBA, Inc. and Que Jackson-Munoz*, 523055/2021; *West Sterling 131 LLC v CAMBA, Inc. and Melissa Watts*, 523056/2021; *RP82 LLC v CAMBA, Inc. and Jaclyn Vazquez*, 523057/2021; *Rock-Park 94 LLC v CAMBA, Inc. and John Doe*, 523058/2021; *Rock-Park 94 LLC v CAMBA, Inc. and Jeanna Thelwell*, 523059/2021; and *Rock-Park 94 LLC v CAMBA, Inc. and John Doe*, 523061/2021. The Legal Aid Society appeared as counsel in the seven cases where the occupants were added as defendants and filed motions raising identical arguments on behalf of the occupants in these seven cases. CAMBA also filed identical motions in all ten cases.

[* 2]

CAMBA's motion papers include an affirmation of counsel, memoranda of law, and four annexed exhibits labeled A through D which included the pleadings and notice of termination in the instant action.

Plaintiff's opposition papers to CAMBA's papers include an affirmation of counsel, a memorandum of law, and three annexed exhibits including a copy of Rent Stabilization Code Section 2520.11, the summons, complaint, and answer filed in the instant action.

Defendant CAMBA filed a memorandum of law in reply to the plaintiff's opposition to its motion.

At oral argument, the Court indicated that it would reserve decision on that portion of the motion seeking consolidation until after it had rendered decision on the motion to dismiss. The parties assented to this proposal.

**LAW AND APPLICATION**

Defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (7). "When a party moves to dismiss a complaint pursuant to CPLR 3211 (a) (7), the standard is whether the pleading states a cause of action" (*Bokhour v GTI Retail Holdings, Inc.*, 94 AD3d 682, 682 [2d Dept 2012]). "In considering such a motion, the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*id.*). "However, bare legal conclusions are not presumed to be true and are not accorded every favorable inference" (*Kupersmith v Winged Foot Golf Club, Inc.*, 38 AD3d 847, 847 [2d Dept 2007], citing *McKenzie v Meridian Capital Group, LLC*, 35 AD3d 676 [2d Dept 2006]).

[* 3]

Apartments in New York City in buildings constructed before 1974 are subject to rent stabilization unless an exemption applies (*see* Rent Stabilization Code [9 NYCRR] § 2520.11). Rent stabilized tenancies may only be terminated by following the procedures set out in the Rent Stabilization Code (*see* 9 NYCRR § 2524.2). The termination notice must state the ground under section 2524.3 or 2524.4 of the Rent Stabilization Code, upon which the owner relies for removal or eviction of the tenant, the facts necessary to establish the existence of such ground, and the date when the tenant is required to surrender possession" (9 NYCRR § 2524.2 [b]). The failure to serve a proper termination notice is a basis for dismissal of the landlord's claim for possession (*see* Matter *of Gracecor Realty Co. v Hargrove*, 90 NY2d 350, 354 [1997]; *Commercial Hotel, Inc. v White*, 194 Misc 2d 26 [App Term, 2d Dept 2002]).

The plaintiff has alleged two bases for exemption: RSC § 2520.11 (f) and that CAMBA is a corporation. Neither is a valid basis for exemption. RSC § 2520.11 (f) provides an exemption from rent stabilization as between certain nonprofit institutions and individuals affiliated with the nonprofit. It does not provide an exemption when a nonprofit signs a lease with a for-profit landlord (*2363 ACP Pineapple, LLC v Iris House, Inc.*, 55 Misc 3d 7 [App Term, 1st Dept 2017], citing *520 E. 81st St. Assoc. v Lenox Hill Hosp.*, 38 NY2d 525, 528 [1976]). These cases and others also make clear that a corporation can hold a rent-stabilized tenancy.

The plaintiff argues that there is a factual allegation that prevents dismissal, because CAMBA acknowledged in the lease that the apartment was exempt from rent stabilization. Theplaintiff's complaint alleges that the subject property is exempt from the rent stabilization law because the subject lease of the property contained language expressing the parties' waiver from the rent stabilization law.  Facts admitted by a party's pleadings

[* 4]

constitute formal judicial admissions (*Zegarowicz v Ripatti*, 77 AD3d 650, 653 [2d Dept. 2010], citing *Falkowski v. 81 & 3 of Watertown, Inc*., 288 AD2d 890, 891 [4th Dept. 2001]; Jerome Prince, Richardson on Evidence § 8—215, at 523—524 [Farrell 11th ed. 1995]). Formal judicial admissions are conclusive of the facts admitted in the action in which they are made (*Zegarowicz*, 77 AD3d at

653, citing *Coffin v Grand Rapids Hydraulic Co*., 136 NY 655 [1893]).  It is therefore a conclusive fact, that the plaintiff was relying on a waiver clause in the lease agreement to render the subject property exempt from the rent stabilization law.  In other words, there is no issue of fact on the plaintiff's reliance of this lease provision in support of its contention that the rent stabilization law does not apply.  However, this waiver language in the subject lease is null and void, as it is contrary to law and public policy to waive rights under rent stabilization (9 NYCRR

§ 2520.13; *Drucker v Mauro*, 30 AD3d 37, 39 [1st Dept 2006]). The legal conclusion that plaintiff asserts is not entitled to any favorable inference under CPLR 3211 (a) (7).

The plaintiff's claimed exemptions are invalid; the apartment is subject to rent stabilization. Therefore, the plaintiff's claim for ejectment is dismissed because it has failed to serve the notice required by the Rent Stabilization Code before bringing such a claim (*Commercial Hotel v White*, 194 Misc 2d 26 [App. Term 2nd Dep't 2002]).

Similarly, the plaintiff is not entitled to a declaratory judgment that the apartment is not subject to rent stabilization, because it is subject to rent stabilization. And because the plaintiff's claim for ejectment has been dismissed, it cannot prevail on its claims for use and occupancy or attorneys' fees, which are ancillary to the claim for ejectment. Therefore, those claims are dismissed as well.

[* 5]

**CONCLUSION**

The branch of defendant CAMBA Inc.'s motion for an order pursuant to CPLR 3211

(a) (7) to dismiss the complaint of plaintiff ROCK-PARK 94 LLC is granted.

Accordingly, the branch of defendant CAMBA Inc.'s motion for an order pursuant to

CPLR 602 to consolidate several civil actions involving common questions of fact and law is

denied as moot.

It is the Decision, Order and Judgment of this Court that the action is dismissed.

ENTER:

_____
François A. Rivera
J.S.C.

[* 6]