221 Irving Ave., LLC v Chasi (2025 NY Slip Op 51162(U))

[*1]

221 Irving Ave., LLC v Chasi

2025 NY Slip Op 51162(U)

Decided on July 11, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 11, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, LISA S. OTTLEY, JJ

2023-741 K C

221 Irving Ave., LLC, Appellant,
against
Manel Chasi, Respondent, "John Doe" and " Jane Doe", Undertenants. 

Appellate Term Docket No.
2023-742 K C
Lower Court # LT-081696-15/KI
221 Irving Ave., LLC, Appellant, v Blanca Isabel Moposita, Respondent, "John Doe" and " Jane Doe", Undertenants.
Appellate Term Docket No.
2023-743 K C
Lower Court # LT-081695-15/KI
221 Irving Ave., LLC, Appellant, v Victor Chulco, Respondent, "John Doe" and " Jane Doe", Undertenants.
Appellate Term Docket No.
2023-744 K C
[*2]Lower Court # LT-081694-15/KI
221 Irving Ave., LLC, Appellant, v Fabian Quinapanta, Respondent, "John Doe" and " Jane Doe", Undertenants.
Appellate Term Docket No.
2023-745 K C
Lower Court # LT-081693-15/KI
Schiller Law Group, P.C. (Chaim Howard Berglas of counsel), for appellant.
Make the Road New York (Robert Cornwall of counsel), for respondents.

Appeals from five final judgments of the Civil Court of the City of New York, Kings County (Kimberley Slade, J.), each entered June 16, 2023. The final judgments, entered pursuant to a decision after a joint nonjury trial, dismissed the petitions in five holdover summary proceedings.

ORDERED that the final judgments are affirmed, without costs.
In August 2015, landlord [FN1]
commenced these five holdover summary proceedings, each against one of the five tenants in the subject building. Each of the petitions alleged that the [*3]building is not subject to rent stabilization in that it contains only five residential units, as well as one store. In September 2015, each of the tenants answered, asserting, among other defenses, that the subject building is subject to rent stabilization because the former proprietor of the store, Juan Sanchez, used the basement as his residence from approximately May 2013 to August 2014. At a joint nonjury trial, tenants proffered testimony that residents of the building had observed Mr. Sanchez bringing construction materials into the basement and had later seen Mr. Sanchez and his family in the basement, which had constructed rooms with an installed air conditioner, a portable sink and electric stove, a refrigerator, and a mattress. Residents also observed Mr. Sanchez receiving bread deliveries in the morning wearing pajamas, and then retiring into the basement at night. They also heard conversations, arguments, a dog barking and a baby crying coming from the basement, all of which ceased after Mr. Sanchez vacated. A member of landlord testified that he regularly visited the basement for maintenance work but never observed any indication of residential use. The current store proprietor testified that he never observed any indication of residential use in the basement; however, he had disposed of a mattress that had been left behind.

Tenants subpoenaed Mr. Sanchez to testify but he failed to appear. Landlord did not subpoena Mr. Sanchez. 

After the trial, the Civil Court (Kimberley Slade, J.) held that the basement was used as a sixth housing accommodation, conferring rent stabilization status onto the subject building (see Rashid v Cancel, 9 Misc 3d 130[A], 2005 NY Slip Op 51585[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2005]). The Civil Court also stated that it had drawn a negative inference against landlord based on its "failure toseek to [call Mr. Sanchez as a witness]." A final judgment was [*4]entered in each proceeding on June 16, 2023 dismissing the respective petition.

On appeal, landlord argues that the Civil Court erred in finding that Mr. Sanchez used the basement residentially; that, in any event, the basement does not constitute a housing accommodation; and that the Civil Court erred in drawing a negative inference based on landlord's failure to call Mr. Sanchez as a witness.

The decision of a fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence (see Claridge Gardens v Menotti, 160 AD2d 544 [1990]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824, 826 [2008]).

Housing accommodations in buildings built before January 1, 1974 containing six or more units are subject to rent stabilization (see Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-504.1; Rent Stabilization Code [RSC] [9 NYCRR] § 2520.11). RSC § 2520.6 (a) defines a housing accommodation as:

"That part of any building or structure, occupied or intended to be occupied by one or more individuals as a residence, home, dwelling unit or apartment, and all services, privileges, furnishings, furniture and facilities supplied in connection with the occupation [*5]thereof."

"[The] functional definition [of a housing accommodation] is not limited by any physical or structural requirements" (Matter of Gracecor Realty Co. v Hargrove, 90 NY2d 350, 355 [1997]). "Whether a period of occupancy is accompanied by sufficient indicia of 'permanency' such that the space occupied may be characterized as a home, residence or dwelling unit for rent-stabilization purposes is a fact-intensive question substantially turning on the intent and behavior of the parties" (id.). Indicia of permanency include the "length of time a landlord permits a person to continuously occupy the same space[,] . . . whether the occupant has any other residence, . . . any limitations relating to an occupant's use and control of the premises which have been imposed and enforced by a landlord[, and] . . . the intent of the occupant" (id. at 356 [citations omitted]). Here, the evidence at trial indicates that Mr. Sanchez had "use and control" of the basement for the five to six years that he operated the store; that he used the basement as his residence for over a year; that he had no limitations enforced by landlord regarding the use of the basement; and that he intended to use the basement as his residence. Consequently, the Civil Court correctly determined that the basement had been used as a housing accommodation within the definition set forth in RSC § 2520.6 (a). "[T]he use of the basement as a sixth housing accommodation . . . brought the entire building under rent stabilization" (Rashid v Cancel, 2005 NY Slip Op 51585[U], *1; see e.g. Beverly Holding NY, LLC v Blackwood, 63 Misc 3d 160[A], 2019 NY Slip Op 50877[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). In light of the overwhelming trial evidence in favor of tenants, it is unnecessary to determine if it was error for the Civil Court to draw a negative inference based on [*6]landlord's failure to call Mr. Sanchez as a witness.

Given that the apartments are subject to rent stabilization, landlord can evict tenants only upon one of the grounds set forth in RSC § 2524.3 and only after serving them with the notices required under section 2524.2 of the Code (see Commercial Hotel v White, 194 Misc 2d 26 [App Term, 2d Dept, 2d & 11th Jud Dists 2002]), which landlord failed to do.

Accordingly, the final judgments are affirmed.
TOUSSAINT, P.J., BUGGS and OTTLEY, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 11, 2025

Footnotes

Footnote 1:These proceedings were commenced by IA2 Services, LLC. Following the trial, ownership of the subject building was transferred from IA2 Service, LLC to 221 Irving Ave., LLC, there was a substitution and the caption was amended accordingly.