OPINION OF THE COURT
Memorandum.
Ordered that the final judgment is affirmed, without costs.
Landlord commenced separate holdover proceedings to recover two apartments in the same building, alleging that the tenancies were month to month and that it had terminated the tenancies. The tenants in both proceedings defended on the ground, among others, that the building, which has a certificate of occupancy for five residential units and a dentist’s office, in fact had contained eight residential units, and, thus, that their apartments were rent-stabilized. Prior to trial, it was agreed that the determination in this proceeding would be binding in both proceedings. At a nonjury trial of this proceeding, tenant produced seven witnesses, who testified as to the existence of the eight residential units in the building, in addition to video-graphic, photographic, and documentary evidence, including a Department of Buildings’ violation record, all of which supported tenant’s claim as to the existence of the illegal units. The Civil Court, relying on Rashid v Cancel (9 Misc 3d 130[A], 2005 NY Slip Op 51585[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2005]), found that the apartments were rent-stabilized and dismissed the petitions.
On this appeal, landlord argues that, notwithstanding that there may have been eight apartments in the building, the apartments are not rent-stabilized. Landlord claims that illegal apartments cannot become rent-stabilized unless the owner knew of and acquiesced in the unlawful conversion of space from commercial to residential use and the owner sought to legalize the conversion. Landlord bases its argument on the Court of Appeals’ decision in Wolinsky v Kee Yip Realty Corp. (2 NY3d 487 [2004]; see also e.g. Sheila Props., Inc. v A Real Good Plumber, Inc., 59 AD3d 424 [2009]), which landlord reads to mean that the Emergency Tenant Protection Act of 1974 *33 (L 1974, ch 576, § 4, as amended [ETPA]) does not apply to any illegal tenancies except those which fall within landlord’s stated exception. Landlord contends, quoting from Arrow Linen Supply Co. Inc. v Cardona (15 Misc 3d 1143[A], 2007 NY Slip Op 51128[U], *5 [Civ Ct, Kings County 2007]; see also Payne v Rivera, 28 Misc 3d 469 [Civ Ct, Kings County 2010]), that there “is nothing in the Court of Appeals decision in Wolinsky that specifically limits its holding to illegal conversions of loft units.”
We agree with the Civil Court that the Wolinsky ruling is inapplicable here, as Wolinsky is limited to the illegal conversions of lofts. In Matter of Gracecor Realty Co. v Hargrove (90 NY2d 350 [1997]), the Court of Appeals held that a residentially occupied cubicle in a lodging house was subject to the Rent Stabilization Law. The Court rejected an argument by the Division of Housing and Community Renewal “that the partitioned space . . . cannot be a housing accommodation as a matter of law” (id. at 357). As the Court there noted, the Rent Stabilization Code’s definition of a “housing accommodation” (Rent Stabilization Code [9 NYCRR] § 2520.6 [a]) is that “part of any building or structure, occupied or intended to be occupied by one or more individuals as a residence, home, dwelling unit or apartment” (Matter of Gracecor Realty Co., 90 NY2d at 355 [emphasis omitted]), and this “functional definition is not limited by any physical or structural requirements” (id.) see also White Knight Ltd. v Shea, 10 AD3d 567 [2004]).
In Wolinsky, the Court of Appeals reiterated its prior rulings that the ETPA “applies to regulate residential rents of all housing accommodations which it does not expressly except, including previously unregulated accommodations” (2 NY3d at 491 [internal quotation marks and citations omitted]), citing, among other things, Matter of Gracecor Realty Co. with approval. The Court found the loft units involved in Wolinsky to be exempt only because it read “the ETPA and Loft Law together” (id. at 493) to find that the Loft Law created an exception to ETPA coverage. In our view, the Court of Appeals, in Wolinsky, would not have cited Matter of Gracecor Realty Co. with approval if the Court was, in effect, overruling it. Indeed, a number of trial courts have correctly found, as did the Civil Court here, that Wolinsky is applicable only to illegally converted lofts (e.g. 24 Henry St. Group, Inc. v Ah Kheon Soo, 2008 NY Slip Op 32830[U] [Sup Ct, NY County 2008, Jane S. Solomon, J.]; Lybss Contr. LLC v Celado, Civ Ct, Kings County, Feb. 1, 2010, Lansden, J., index No. 66123/2009).
*34 In a reply brief, landlord argues that the Appellate Division, Second Department, has applied Wolinsky in cases that do not involve lofts, citing Sheila Props., Inc. v A Real Good Plumber, Inc. (59 AD3d 424 [2009]). However, in fact, Sheila Props., Inc. involved the conversion of loft space (see also A Real Good Plumber v Kelleher, 191 Misc 2d 94 [App Term, 2d Dept, 2d & 11th Jud Dists 2002]).
Accordingly, we find that the Civil Court correctly held that the apartment is rent-stabilized (see Rashid v Cancel, 9 Misc 3d 130[A], 2005 NY Slip Op 51585[U] [2005] [and cases cited therein]) and properly dismissed the petition for failure to state a cause of action.
Pesce, PJ., Rios and Solomon, JJ., concur.