OPINION OF THE COURT
Per Curiam.
Final judgment, entered July 18, 2012, affirmed, with $25 costs.
The holdover eviction proceeding was properly dismissed after trial, in view of petitioners’ failure to meet their threshold burden of proving the petition’s allegations that the apartment premises sought to be recovered are exempt from rent stabilization coverage since the building that houses it is not a multiple dwelling. Indeed, the trial evidence shows to the contrary, there being no real dispute that the building is registered as a multiple dwelling and contains at least six residential units (see Wilson v One Ten Duane St. Realty Co., 123 AD2d 198, 201 [1987]), and that the fourth floor apartment here at issue has at all relevant times been registered as rent-stabilized with the Division of Housing and Community Renewal and treated as such by the predecessor building owner(s). On this record, and in the absence of any claim or showing that residential occupancy of the apartment is otherwise illegal (compare Hornfeld v Gaare, 130 AD2d 398 [1987]), it does not avail petitioners that the building’s 1926 certificate of occupancy limited the use thereof to a one- or two-family dwelling. While petitioners appear to argue that the (ancient) certificate of occupancy constituted “incontrovertible” proof that residential use of the apartment is “unlawful” and requires respondent Irvin’s eviction, adoption of this theory would “reward[ ] a landlord’s own failure to amend the certificate and permit[ ] avoidance of the rent stabilization laws notwithstanding that the requisite number of units are actually being rented for residential purposes” (Meyer v Terasaki, NYLJ, July 22, 1985 at 6, cols 1, 2 [App Term, 1st Dept 1985, Jawn Sandifer, J, dissenting], revd for reasons stated in dissenting op 117 AD2d 520 [1986]).
In view of this disposition, we have no occasion to address the issue of respondent Irvin’s possessory status with respect to the apartment. Our resolution of the matter is without prejudice to petitioners’ right, if so advised, to commence a new proceeding *7 against respondent upon the service of a proper predicate notice and petition.
Schoenfeld, J.P., Hunter, Jr. and Torres, JJ., concur.