*3 OPINION OF THE COURT
Memorandum.
Ordered that the order, insofar as appealed from, is reversed, without costs, and the branch of the motion by Aymen A. Aboushi, Esq., the attorney for tenant Dave Hanson, seeking an order directing the release of the sum of $25,000, held by Aboushi in an escrow account for Hanson, to the attorney for landlord is denied.
In this nonpayment proceeding, a final judgment was entered awarding landlord, among other things, the principal sum of $12,625.09. Landlord subsequently served an information subpoena with restraining notice upon “The Aboushi Law Firm,” which allegedly was in possession of funds belonging to tenant Dave Hanson, one of the judgment debtors.
Aymen A. Aboushi, Esq., moved, purportedly pursuant to CPLR 5240, for, among other things, an order directing the release of funds held in his escrow account on behalf of Hanson. In support of the motion, Aboushi alleged that the escrow account contained funds totaling $25,000 belonging to Hanson. Landlord’s attorney joined in the application for the release of the funds and alleged that landlord had also been awarded a judgment in the Supreme Court of Nassau County against Hanson in the sum of $196,072.11.
The District Court granted the branch of the motion seeking an order directing Aboushi to release the sum of $25,000, held in his escrow account for Hanson, to landlord’s attorney. We reverse.
Aboushi did not commence an interpleader action pursuant to CPLR 1006, nor would the District Court have had jurisdiction over such an action seeking the sum of $25,000 (see UDCA 205). In addition, landlord did not commence an enforcement proceeding pursuant to article 52 of the CPLR (see CPLR 5221 [a] [2]), nor, if it had, would the District Court have had jurisdiction to enforce the Supreme Court judgment (see CPLR 5221 [a] [4]). In these circumstances, the order directing the release of $25,000 held by Aboushi in his escrow account was equitable and injunctive in nature and, thus, beyond the District Court’s limited jurisdiction (see NY Const, art VI, § 16 [d]; World Realty Corp. v Consumer Sales, Inc., 9 Misc 3d 136[A], 2005 NY Slip Op 51696[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2005]).
Accordingly, the order, insofar as appealed from, is reversed and the branch of the motion by Aymen A. Aboushi, Esq., seek *4 ing an order directing the release of the sum of $25,000, held in his escrow account for Hanson, to the attorney for landlord is denied.
Maraño, P.J., Tolbert and Brands, JJ., concur.