270 Glenmore Ave., LLC, Respondent,
against
Kayla Blondet, Appellant. NO. DECIDED South Brooklyn Legal Services, Sarah M. Telson, Esq., for appellant. Law Office of Stuart I. Jacobs, for respondent (no brief filed).



Appeal from an order of the Civil Court of the City of New York, Kings County (Marina C. Mundy, J.), dated November 30, 2015. The order, insofar as appealed from as limited by the brief, denied the branch of tenant's motion seeking to vacate a stipulation of settlement, final judgment and warrant in a holdover summary proceeding.




ORDERED that the order, insofar as appealed from, is reversed, without costs, and the branch of tenant's motion seeking to vacate the stipulation of settlement, final judgment and warrant is granted.
In this holdover proceeding based on the service of a 30-day notice, the petition alleges that the building is not rent stabilized because it contains five residential units and a commercial space. On February 11, 2015, landlord was awarded a final judgment and warrant pursuant to a stipulation of settlement in which tenant, who appeared without counsel, agreed to vacate the premises by July 31, 2015, pay landlord $3,126 in arrears by March 31, 2015, and continue to pay $521 per month in use and occupancy. Landlord agreed to make repairs to tenant's apartment within 45 days of being provided with access. Tenant failed to make the requisite payments, and a marshal's notice was served. In June 2015, tenant moved, with the assistance of counsel, to [*2]vacate the stipulation of settlement, final judgment and warrant, and, upon vacatur, for summary judgment dismissing the petition. By order dated November 30, 2015, the Civil Court denied tenant's motion. As limited by her brief, tenant appeals from so much of the order as denied the branch of her motion seeking to vacate the stipulation of settlement, final judgment and warrant.
Upon a review of the record, we find that the branch of tenant's motion seeking to vacate the stipulation of settlement, final judgment and warrant should have been granted, as the stipulation was entered into inadvisedly (see Matter of Frutiger, 29 NY2d 143, 150 [1971]; Weitz v Murphy, 241 AD2d 547 [1997]; 1420 Concourse Corp. v Cruz, 135 AD2d 371, 373 [1987]; Park Props. Assoc., L.P. v Williams, 38 Misc 3d 35, 37 [App Term, 2d Dept, 9th & 10th Jud Dists 2012]). In her affidavit, made upon personal knowledge, in support of her motion, tenant showed that when she had moved into the building three years earlier, someone had been living in the first-floor apartment that landlord claims is a commercial space, and that she had observed a bathroom with a shower, and a kitchen with a regular stove in that apartment. These assertions were sufficient to make a prima facie showing that, contrary to the allegations of the petition, tenant's apartment was rent stabilized as a result of the building having contained six residential units (see Joe Lebnan, LLC v Oliva, 39 Misc 3d 31 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). Under the circumstances, tenant established a proper basis to vacate the stipulation, the final judgment and the warrant (see 1796 Nostrand Ave., LLC v Gabriel, 47 Misc 3d 141[A], 2015 NY Slip Op 50618[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]).
Accordingly, the order, insofar as appealed from, is reversed and the branch of tenant's motion seeking to vacate the stipulation of settlement, final judgment and warrant is granted.
Pesce, P.J., Aliotta and Elliot, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 07, 2017