124 Meserole, LLC, Respondent, 
against
Zofia Recko et al., Appellants.




Stern & Stern, Esqs. (David Lyle Stern, Esq.), for appellant.
Adam Leitman & Bailey, P.C. (Jeffrey R. Metz, Esq.), for respondent.

Appeal from a final judgment of the Civil Court of the City of New York, Kings County (Jean T. Schneider, J.), entered June 19, 2015. The final judgment, after a nonjury trial, awarded landlord possession in a holdover summary proceeding.




ORDERED that the final judgment is reversed, without costs, and the matter is remitted to the Civil Court for the entry of a final judgment dismissing the petition.
In this holdover proceeding, the petition alleges that the subject apartment is not rent regulated because it is within a building containing fewer than six residential units. According to landlord, the building now contains four residential units and once contained a fifth residential unit behind a store on the left side of the first floor of the building. Tenants assert as a defense that the apartment is rent stabilized because the building at one time contained six residential units, the sixth unit being an area behind the store on the right side of the first floor of the building, which area was used as a residence by the former proprietor of that store (store proprietor). After a nonjury trial, the Civil Court awarded possession to landlord, finding that the building contained fewer than six residential units because the store proprietor's residential use of the area behind the store located on the first floor right side of the building did not render the unit a sixth housing accommodation.
As tenants put into issue the rent-regulatory status of their apartment, it was landlord's burden to prove at trial its allegation that the apartment was not rent regulated (see Pineda v Irwin, 40 Misc 3d 5 [App Term, 1st Dept 2013]; Rapone v Katz, 30 Misc 3d 132[A], 2011 NY Slip Op 50043[U] [App Term, 1st Dept 2011]). In order to be subject to rent stabilization, a unit must, among other things, be located in a building containing at least six "housing accommodations" on the date the building first became subject to regulation or at any subsequent time (Rent Stabilization Code [RSC] [9 NYCRR] § 2521.11 [d]). This building became subject to regulation in 1974, when the Emergency Tenant Protection Act was passed.
In reviewing a determination made after a nonjury trial, the power of this court is as broad [*2]as that of the trial court, and this court may render the judgment it finds warranted by the facts, bearing in mind that the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824, 826 [2008]).
The parties agree that the building has four residential units upstairs and two commercial units on the ground floor, and that a portion of the commercial unit on the left side of the ground floor was formerly used residentially as well. The dispositive issues are whether, as tenants allege, two rooms behind a store in the ground-floor right side of the building were used by the store's proprietor as a residence with the knowledge of the prior landlords in 1974 or at any time thereafter (see RSC § 2520.11 [d]) and whether these rooms constituted a "housing accommodation" within the meaning of RSC § 2520.6.
Tenant Zofia Recko, who moved into the building in 1993, testified that she frequently ran into the store's proprietor in the hallway for many years, during all hours, including when the store was closed, because the toilet for the store was located in the public hallway. A neighbor, Halina Czaja, who moved into the building in 1992, testified that she had been into the rooms behind the store on the right side many times for tea and that the rooms consisted of a fully furnished living room and a kitchen. Photographs introduced into evidence by landlord's witness corroborated the neighbor's testimony, showing two rooms with a full array of furniture, kitchen appliances and decorations, including fresh produce and toiletries. The testimony of Ms. Recko and Ms. Czaja established that the two units on the ground floor were in residential use at the same time. Tenants introduced documents demonstrating that the store proprietor had listed her address as the address of the subject building to the Board of Elections and to the Department of Motor Vehicles. No alternative address was offered for the store proprietor. Two of the previous owners had lived in the building in the apartment above the store at the same time that the store's proprietor had lived in the building, and it is implausible that they were unaware of the store proprietor's presence in the building, including during hours when the store was closed.
The daughter of the previous owners testified on landlord's behalf. While she denied that the store's proprietor had used the rooms for her residence, her testimony was compromised by her admissions on cross-examination that important factual statements made in her affidavit in support of landlord's motion for summary judgment, prior to trial, were not true.
The Civil Court found that there was no housing accommodation on the first floor right side of the building because, among other things, the two rear rooms were not a separate space, as they were separated from the front of the store only by a curtain, and that there was no proof of gas and water connections to the rear area.
The Rent Stabilization Code defines a "housing accommodation"as "that part of any building or structure, occupied or intended to be occupied by one or more individuals as a residence, home, dwelling unit or apartment" (RSC § 2520.6 [a] [emphasis added]; see Matter of Gracecor Realty Co. v Hargrove, 90 NY2d 350 [1997]; Joe Lebnan, LLC v Oliva, 39 Misc 3d 31 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists [2013]). Here, the weight of the evidence established that the store proprietor had occupied the rooms as her home over a period of years [*3]with the knowledge of the prior landlords. Thus, the rear two rooms of the store on the right side of the building constituted a "housing accommodation."
Once a building contains six or more units, all the units in the building are brought under rent stabilization (Matter of Gandler v Halperin, 232 AD2d 637 [1996]; Commercial Hotel, Inc. v White, 194 Misc 2d 26 [App Term, 2d Dept, 2d & 11th Jud Dists 2002]). The rent-stabilization status continues even if the number of units is subsequently reduced to less than six (Rashid v Cancel, 9 Misc 3d 130[A], 2005 NY Slip Op 51585[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2005]). Furthermore, the units need not be legal or in conformity with building-code or other requirements (see Joe Lebnan LLC, 39 Misc 3d at 33). Since the rear two rooms of the right-side store were occupied as a housing accommodation, the building had six residential units and all were subject to rent stabilization.
Given that tenants were subject to rent stabilization, they can be evicted only "upon one of the grounds set forth in section 2524.3 of the RSC [9 NYCRR] and only after being served with the notices required under section 2524.2 of the code" (Commercial Hotel, 194 Misc 2d at 27). Neither has been shown to be the case here.
Accordingly, the final judgment is reversed and the matter is remitted to the Civil Court for the entry of a final judgment dismissing the petition.
Solomon, J.P., Pesce, and Elliot, JJ., concur.
Decision Date: May 19, 2017