Matter of Golden Horse Realty, Inc. v New York State Dept. of Hous. Preserv. & Dev. (2019 NY Slip Op 05191)





Matter of Golden Horse Realty, Inc. v New York State Dept. of Hous. Preserv. & Dev.


2019 NY Slip Op 05191


Decided on June 27, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2019

Sweeny, J.P., Renwick, Webber, Oing, JJ.


9739 158730/17

[*1]In re Golden Horse Realty, Inc., Petitioner-Appellant,
v
New York State Department of Housing Preservation & Development, et. al., Respondents-Respondents.


Golino Law Group, PLLC, New York (Santo Golino of counsel), for appellant.
Mark F. Palomino, New York (Martin B. Schneider of counsel), for New York State Department of Housing Preservation & Development, respondent.
Himmelstein, McConnell, Gribben, Donoghue & Joseph LLP, New York (Jesse Gribben of counsel), for Keith Lisy, respondent.
Vernon & Ginsberg, LLP, New York (Bari Wolf of counsel), for Shannon Tyree and Jonathan Blitt, respondents.



Order and judgment (one paper), Supreme Court, New York County (Arlene P. Bluth, J.), entered April 11, 2018, denying the petition to annul a determination of respondent New York State Division of Housing and Community Renewal (DHCR), dated August 3, 2017, which denied the petition for administrative review (PAR) of an order determining that the apartment occupied by respondent Keith Lisy is subject to rent stabilization, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
DHCR's determination that the subject apartment is rent stabilized was not arbitrary and capricious (see Matter of Ansonia Residents Assn. v New York State Div. of Hous. & Community Renewal, 75 NY2d 206, 213 [1989]). As relevant here, housing accommodations in buildings built before January 1, 1974, with more than six units are subject to rent stabilization (see Matter of Salvati v Eimicke, 72 NY2d 784, 791 [1988]). A determination that a building remains "subject to the Rent Stabilization Code notwithstanding its conversion to a building with less than six apartments" is not arbitrary and capricious (Matter of Ki Wai Leung v Division of Hous. & Community Renewal of State of N.Y., 266 AD2d 545, 546 [2d Dept 1999]; Matter of Shubert v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin., 162 AD2d 261 [1st Dept 1990]; 9 NYCRR 2520.11[d]).
Here, there is no dispute that on the applicable base date, the subject building contained more than six housing accommodations. Some time thereafter, petitioner's predecessor-in-interest voluntarily elected to reduce the number of apartments. Accordingly, the determination that the building remained regulated was not arbitrary and capricious (see Matter of Shubert, 162 AD2d at 261). Moreover, contrary to petitioner's contention, the record shows that the apartment at issue has been occupied as a residential unit since at least 1999, and it has been registered as rent stabilized by petitioner's predecessor-in-interest and by petitioner for a number of years. Therefore, the apartment remains subject to the rent stabilization law (see White Knight Ltd. v Shea, 10 AD3d 567 [1st Dept 2004]; Pineda v Irvin, 40 Misc 3d 5 [App Term, 1st Dept 2013]).
Petitioner failed to preserve its argument that two other apartments were improperly registered as rent stabilized units since those units were specifically omitted from the PAR (see Matter of Khan v N.Y. State Dept. of Health, 96 NY2d 879 [2001]; Matter of Curry v New York [*2]City Hous. Auth., 161 AD3d 578, 579 [1st Dept 2018]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 27, 2019
CLERK