Patricia Y. Lashley-Smith and Allwin Smith, Appellants,
against
Joy Bradshaw, Respondent, et al., Undertenants. 




Syntyche Stephenson, Esq., for appellants.
The Legal Aid Society (Alexander J. Stone-Tharp and Adriene Holder of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Michael L. Weisberg, J.), dated February 27, 2018. The order granted tenant's motion for summary judgment dismissing the petition in a holdover summary proceeding.




ORDERED that the order is affirmed, without costs.
In this holdover proceeding, the petition alleges that tenant has no lease and that the subject apartment is not rent regulated because it is within a building containing four apartments. Tenant alleged in her answer that there are two units in the basement in addition to the four units on the main floors, for a total of six units in the building, and moved for summary judgment dismissing the petition on the ground that her apartment is rent stabilized and that landlords have failed to allege a valid basis for terminating her tenancy. The Civil Court granted tenant's motion, and landlords appeal. 
Housing accommodations in buildings built before January 1, 1974 containing more than six units on the date the building first became subject to regulation or at any subsequent time are, absent an exemption, subject to rent stabilization (see Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26—504.1; Rent Stabilization Code [RSC] [9 NYCRR] § 2520.11). It is undisputed that the building in which the subject apartment is located was built before January 1, 1974. In support of her motion for summary judgment, tenant submitted photographs of the basement that had been taken during an inspection "suggested" by the Civil Court. The photographs depict two distinct spaces, each of which has a bed in it in addition to separate bathrooms and kitchens. Landlords failed to rebut tenant's prima facie evidence that both basement units were "intended to be occupied by one or more individuals as a residence, home, dwelling unit or apartment" (RSC [9 NYCRR] § 2520.6 [a]; cf. also Matter of Gracecor Realty Co. v Hargrove, 90 NY2d 350 [1997]; Joe Lebnan, LLC v Oliva, 39 Misc 3d 31 [App [*2]Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]).
Given that tenant's apartment is subject to rent stabilization, she can be evicted only "upon one of the grounds set forth in section 2524.3 of the RSC [9 NYCRR] and only after being served with the notices required under section 2524.2 of the code" (Commercial Hotel, Inc. v White, 194 Misc 2d 26, 27 [App Term, 2d Dept, 2d & 11th Jud Dists 2002]). Since no such grounds or service were alleged in the petition, tenant's motion was properly granted.
Accordingly, the order is affirmed.
WESTON, J.P., ALIOTTA and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 31, 2020