Shu Ming Wang v Moises (2024 NY Slip Op 50294(U))

[*1]

Shu Ming Wang v Moises

2024 NY Slip Op 50294(U)

Decided on March 20, 2024

Civil Court Of The City Of New York, Kings County

Jimenez, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 20, 2024
Civil Court of the City of New York, Kings County

Shu Ming Wang, Petitioner,

against
Quishpe Luspa Diego Moises, CAMEN TIPANTUNA, JOHN DOE and JANE DOE, Respondents.

Index No. 51439-20

The Law Office of Frank Bruno, Jr.
Attn: K. Sebastian Karczmarcyzk, Esq.
69-09 Myrtle Avenue
Glendale, New York 11385
sebastian@frankbrunolaw.com
Attorneys for Petitioner — Shu Ming Wang
Make the Road New York
Attn: Katherine Marie Herold, Esq.
1471 Fulton Street
Brooklyn, New York 11216
Katherine.herold@maketheroadny.org
Attorney for Respondent — Moises Quishpe AKA Quishpe Luspa Diego Moises & Carmen Tipantuna

Sergio Jimenez, J.

This holdover proceeding seeks recovery of the property at 162 Irving Avenue, Apartment 3L, in Brooklyn, New York 11237 as an alleged end-of-lease holdover pursuant to an [*2]RPL §226-c 60-day notice. This proceeding was transferred from the resolution part to the trial part in January of 2021. The court conducted a hearing on July 27, 2023 and continued August 11, 2023, October 4, 2023, and October 31, 2023. The parties sought to submit post-trial memoranda and the court granted said request. The parties submitted their full briefing on February 29, 2024, and the court reserved decision.
Hearing
The petitioner testified on his own behalf to establish his case in chief. Mr. Wang testified and authenticated entry of P1 (certified deed), P2 (certified MDR), P3 (2017 lease), P4 (rent ledger), P5 (60-day notice) and the court took judicial notice of the index number LT-91658-17, a proceeding between the petitioner and the resident of the alleged basement apartment, Ezekiel Valdez.
The interposed answer set out five affirmative defenses and four counterclaims: de facto rent stabilization and failure to correctly plead the regulatory status, failure to serve a proper RPL 226-c notice, that the petitioner may not collect rent or use and occupancy as a result of running the building in contravention of the certificate of occupancy, lack of rent registration, breach of warranty of habitability, harassment, and seeking of attorneys' fees.
To prove their defenses, Respondents testified on their own behalf. They presented a variety of evidences including the various violations from the Department of Buildings (DOB) and pictures of the alleged basement apartment with a view towards proving the existence of a sixth unit.
In rebuttal, the petitioner again testified his own behalf and also called Rafael Ortiz, who was one of the storage unit basement renters (though notably not the unit being alleged constituted an accommodation) authenticating and entering into evidence P6 (Picture of sign outside), P7 (lease agreement with Valdez), P8 (OATH decision), P9 (travel time outside of the USA) and P10 (the 2014 lease for storage use). The court notes P8 had a credibility finding as to the credibility of petitioner's defense to the violation.
Discussion
The main question before the court is: whether the underlying facts show that there was ever a sixth unit in the basement that would rent stabilize all currently existing units? The Second Department has been quite clear with regard to situations where units have been added bringing the total to six or more in terms of rent stabilization (Rashid v. Cancel, 9 Misc 3d 130[A][App Term 2d Dept 2nd and 11th Jud Dists 2005]; Beverly Holding NY, LLC v. Blackwood, 63 Misc 3d 160[A][App Term 2d Dept 2019]; 246 Leonard Realty LLC v. Phoa, 65 Misc 3d 145[A][App Term 2d Dept 2019]; Henry v. Kingsberry, 66 Misc 3d 143[A][App Term 2d Dept 2020]; 124 Meserole, LLC v. Recko, 55 Misc 3d 146[A][App Term 2d Dept 2nd, 11th and 13th Jud Dists 2017]; Ortiz v. Sohngen, 56 Misc 3d 19 [App Term 2d Dept 2nd, 11th and 13th Jud Dists 2017]; Robrish v. Watson, 48 Misc 3d 143[A][App Term 2d Dept 2nd, 11th and 13th Jud Dists 2015] ;Joe Lebnan, LLC v. Oliva, 39 Misc 3d 31 [App Term 2d Dept 2nd, 11th and 13th Jud Dists 2013] ;111 Kingsland Avenue, LLC v. Volchanin, 71 Misc 3d 135[A][App Term 2d Dept 2nd, 11th and 13th Jud Dists 2021]).
Even in cases where the apartments are not legal units, the Appellate Term has found that units are subject to rent stabilization where a sixth unit is added. Id. The courts have explained in-depth what type of unit constitutes a sixth "housing accommodation" for the purposes of de facto rent stabilization (Gracecor Realty Co., Inc. v. Hargrove, 90 NY2d 350 [1997]; 124 Meserole, LLC v. Recko, 55 Misc 3d 146[A][App Term 2d Dept 2nd, 11th and 13th Jud Dists [*3]2017], ]; Robrish v. Watson, 48 Misc 3d 143[A][App Term 2d Dept 2nd, 11th and 13th Jud Dists 2015]).
The definition is set forth in the Rent Stabilization Code which defines the accommodation as "that part of any building or structure, occupied or intended to be occupied by one or more individuals as a residence, home, dwelling unit or apartment, and all services, privileges, furnishings, furniture and facilities supplied in connection with the occupation thereof" (9 NYCRR 2520.6[a]). Factors to be considered include length of time of residence, limitations imposed by the owner, intent of the occupant, physical access [including the provision of a key], and the existence of bathrooms and kitchens.
Here, several facts are not in dispute. There are currently five legal units in the building. Petitioner owns the building. The building was constructed prior to 1974. The respondents are in possession of apartment 3L, one of the legal units upstairs. The factual question before the court is whether there was ever a unit in the basement therefore creating a de facto rent stabilized building for all of the existing units.
Given the extent that the testimony was equal in its credibility and did not necessarily preponderate over the other, it is the party who bears the burden who will have their application denied (Rinaldi & Sons, Inc. v. Wells Fargo Alarm Service, Inc., 39 NY2d 191 [1976]). Here, once the rent stabilization status has been properly called into question, as respondents have, the petitioner has the burden of proof as to the unregulated nature of the subject premises (see Pineda v. Irwin, 40 Misc 3d 5 [App Term, 1st Dept 2013]). As the conflicting testimony does not preponderate over the other, the court must analyze the surrounding documentation and evidences presented.
The court finds that petitioner had rented the alleged sixth unit as a storage space. The petitioner then left the country to go visit family and, when he returned a few months later, the storage-tenant, Ezekiel Valdez, had installed, without his permission, a toilet, shower and kitchen. Shortly after learning of this unauthorized use, the petitioner then brought an eviction case and discontinued the use of that basement and dismantled the alterations.
Respondents' argument is that the alterations to the basement were performed by the Petitioner's agent, Rafael, and that therefore the creation of a sixth housing accommodation can be imputed to the Petitioner. The court finds unavailing the argument that the alterations were done by the petitioner's agent, as no evidence, outside of implication, tied the witness to the petitioner.
The result, under these set of facts, would be an inequitable one — namely that the ultra-vires acts of Rafael, without any knowledge constructive or otherwise by the petitioner, remedied within a brief time could lead to the rent stabilization of the rest of the building. As time, intentionality, access, limitations set forth by the owner, actual occupancy and existence of bathroom/kitchen services are all factors to be assessed, the court here finds that those factors weigh in favor of the petitioner, superseding the weight afforded to the governmental agency violations, which did not take into account these factors but rather issued violations in a strict liability form.
The court finds that there was not a unit/accommodation intended for occupancy in the basement. As such, only five (5) units existed at that time and no unit falls under the purview of rent stabilization (Rashid v. Cancel, 9 Misc 3d 130[A][App Term 2d Dept 2nd and 11th Jud Dists 2005]). Since petitioner properly pleaded the rent regulatory status and respondents' de facto rent stabilization defense does not defeat the petition, the pleadings are not fatal to the maintenance [*4]of the petitioner. As such, the respondent's first affirmative defense fails.
Respondent's second affirmative defense questions the propriety of the predicate notice. It is undisputed that this proceeding commenced after the implementation of the notice requirements set out in RPL §226-c as outlined in the HSTPA. The effective date of this requirement was in October of 2019 and the commencement date here was in January of 2020. As such, the petitioner must prove that the occupancy was subject to only a 60-day notice of termination. Here the 60-day notice was dated October 25, 2019, sought to terminate the tenancy on December 31, 2019 and was mailed, as per the affidavit of service, on October 31, 2019 after attempts at service.
The lease in question commenced November 1, 2017. RPL §226-c calls for any tenancy which is less than one year as requiring a 30-day notice, a tenancy between a year and two years a 60-day notice and a tenancy of more than two (2) years requiring a 90-day notice. The date from which the amount of days must be calculated to parse which type of notice is required could be the day it was mailed or the day it was received. However, since no evidence was given as to when the mailing was received, then the challenge cannot be based upon that date and rather the court must default to the date it was sent, which is, though barely, on 60-day notice range. As such, the respondents' second affirmative defense is likewise defeated.
Conclusion
For the above reasons, petitioner is entitled to a judgment of possession as against Quishpe Luspa Diego Moises, Carmen Tipantuna, John Doe and Jane Doe. Warrant of eviction may issue forthwith, but execution of the warrant is stayed to July 17, 2024 for respondents to vacate the premises. Earliest eviction date is set at July 18, 2024. The court, in issuing this stay, has contemplated the presence of school aged children as well as other factors. The court severs the seeking of use and occupancy for plenary action subject to respondent's defenses. All other defenses are denied as unproven (including the harassment defense) and/or severed where appropriate. The parties may pick up their exhibits in Part O, but if it has not been done so within thirty (30) days from the date of this order, they will be discarded according to court directives.
This constitutes the decision and order of the court.
Dated: March 20, 2024
Brooklyn, New York
Sergio Jimenez, JHC