## 430 Amsteram Partners LLC v Nguyen

2025 NY Slip Op 32659(U)

July 30, 2025

Civil Court of the City of New York, New York County

Docket Number: Index No. L&T 301597/25

Judge: Clinton J. Guthrie

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: HOUSING PART D
-------------------------------------------------------------------X

430 AMSTERAM PARTNERS LLC,                          Index No. L&T 301597/25

                       Petitioner,

            -against-                              **AMENDED**
                                        **DECISION/ORDER**

HUEY NGUYEN,

                       Respondents.

-------------------------------------------------------------------X

Present:

        Hon. <u>CLINTON J. GUTHRIE</u>
               Judge, Housing Court

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of petitioner's motion for summary judgment pursuant to CPLR § 3212:

          **Papers**                                      **Numbered**

Notice of Motion & All Documents Annexed………………......  <u>1 (NYSCEF #7-17)</u>
Affidavit in Opposition & All Documents Annexed…………......  <u>2 (NYSCEF #19)</u>
Affidavit in Reply & All Documents Annexed…………………  <u>3 (NYSCEF #20-23)</u>

Upon the foregoing cited papers, the decision and order on petitioner's summary judgment

motion is as follows.

<u>PROCEDURAL HISTORY</u>

      This summary nonpayment proceeding was filed in January 2025.  Respondent filed a pro

se answer on February 19, 2025.  After two court appearances, petitioner made the instant

motion for summary judgment.  Following the filing of opposition and reply papers, this court

heard argument on the motion on July 29, 2025.

<u>DISCUSSION/CONCLUSION</u>

      Petitioner seeks summary judgment, a money judgment and judgment of possession, the

1

[* 1]

issuance of a warrant of eviction, a judgment for use and occupancy, and a hearing on legal fees. Respondent opposes the motion in its entirety, principally asserting that the subject premises was improperly removed from rent stabilization and/or that he was overcharged.

On a motion for summary judgment, "the proponent . . . must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact[.] . . . Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action." (*Alvarez v. Prospect Hosp.*, 68 N.Y.2d 320, 324 [1986] [internal citations omitted]). Petitioner's motion is supported by an affidavit from Mitch Banchik, a member of petitioner, an attorney-certified deed, attorney-certified DHPD (Department of Housing Preservation and Development) multiple dwelling registration (MDR), certified DHCR (Division of Housing and Community Renewal) registration apartment information for the subject premises, leases, and a rent ledger. Also annexed is a copy of an out-of-court agreement between petitioner and then-counsel for respondent from September 2024. The agreement includes an acknowledgment that the subject premises are "deregulated," i.e. removed from rent regulation.

In his affidavit, Mr. Banchik asserts that respondent executed a lease renewal running from July 15, 2024 through July 14, 2025, and that respondent defaulted in payment of rent thereunder. A ledger of rents due is annexed in support. Petitioner argues that respondent has not raised any viable defense, and that summary judgment should be granted in its favor. To the extent that a defense of rent overcharge is raised, petitioner contends that respondent is estopped

2

from raising it herein, since he is pursuing the claim at DHCR.

Respondent's opposition papers acknowledge the rent overcharge filing at DHCR (under Docket Number N0 410036) on March 13, 2025. Respondent stated at argument on the motion that the overcharge claim remains pending at DHCR. Respondent also challenges petitioner's claim that the subject premises was deregulated because of high rent decontrol following an earlier vacancy.

Upon due deliberation, the court finds that an issue of fact exists as to the purported deregulation of the subject premises, thus precluding summary judgment in petitioner's favor. While petitioner is correct that respondent has chosen DHCR as his forum for litigating the rent overcharge claim (*see Collazo v Netherland Prop. Assets LLC*, 35 NY 3d 987, 990 [2020] [citing L 2019, ch 36, § 1, part F, §§ 1, 3]), the challenge to petitioner's purported deregulation of the subject premises is not similarly estopped. A tenant may challenge the "deregulated status of an apartment at any time during the tenancy." (*Gersten v 56 7th Ave. LLC*, 88 AD3d 189, 199 [1st Dept 2011], *appeal withdrawn*, 18 NY3d 954 [2012]). Moreover, there is no statute of limitations for challenging deregulation (*see Liggett v Lew Realty LLC*, 42 NY3d 415, 422 [2024]; *Cox v 36 S Oxford St, LLC*, 2025 NY Slip Op 02408, *1-2 [1st Dept 2025]), nor a temporal limitation on the rental history that courts can review to assess the rent regulatory status of an apartment (*see Matter of AEJ E. 88th, LLC v New York State Div. of Hous. & Community Renewal*, 194 AD3d 464, 471 [1st Dept 2021]).

As respondent has challenged the deregulation, it is petitioner's ultimate burden to prove its allegation that the subject premises is exempt from rent stabilization (*see Pineda v Irvin*, 40 Misc 3d 5, 6 [App Term, 1st Dept 2013]; *see also TJA Realty, LLC v Hermosa*, 56 Misc 3d

3

[* 3]

130[A], 2017 NY Slip Op 50858[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]).

Petitioner annexes the DHCR rent history, as well as the two leases that allegedly memorialized the rents that took the premises out of rent stabilization. The DHCR rent history reflects the premises as being "exempt" from rent stabilization as of July 15, 2005. The registration immediately prior, on June 28, 2004, shows the tenant as "Michael Asch," with a legal regulated rent of $1,713.78 and a lease term of March 1, 2004 to February 28, 2005. However, the lease for Michael Asch submitted by both parties (NYSCEF Docs. 16 and 19 (page 9)) [hereinafter "Asch lease"] includes a term of July 1, 2004 through June 30, 2005, with a monthly rent of $2,022.26. This clearly conflicts with the information registered with DHCR. In his affidavit in reply, Mr. Banchik states that the submission of the Asch lease was "inadvertent error," and another purported deregulation lease, with a tenant named Randy Shehady, running from March 1, 2005 through February 28, 2006 with a rent of $2,022.26, is annexed.

As an initial matter, evidence submitted in reply cannot be relied upon to meet a movant's prima facie burden on a summary judgment motion (*see Coon v WFP Tower B Co. L.P.*, 220 AD3d 407, 409 [1st Dept 2023]). Moreover, the court finds that the existence of a *second* lease bearing a rent at the same $2,022.26 amount as the Asch lease, with a partially overlapping term, only amplifies the need for a trial on the legitimacy of petitioner's claimed deregulation of the subject premises (*see 13 E. 124 LLC v. Taylor*, 236 AD3d 562 [1st Dept 2025]).[1] Finally, while petitioner suggests that the agreement from September 2024 between it and respondent's attorney settles the matter of deregulation, "[a]n agreement by the tenant to

---

[1]    To the extent that the Asch lease includes a $308.48 increase over the prior regulated rent for the same tenant, the court takes judicial notice that Rent Guidelines Board (RGB) Order #35 allowed only a 4.5% increase for a one-year renewal lease at the time the lease commenced.

4

[* 4]

waive the benefit of any provision of the RSL [Rent Stabilization Law] or…Code is void." (9 NYCRR § 2520.13); *Reichenbach v Jacin Invs. Corp., N.V.*, 190 AD3d 437, 438 [1st Dept 2021] ["[T]he parties themselves are not the arbiters of whether the apartment is subject to rent stabilization in the first instance."] [Internal citations omitted]).  The Court of Appeals held in *Liggett* that this prohibition applies even to those whose status as a rent stabilized tenant is not yet established (42 NY3d at 421; *see also 390 W. End Assoc. v Harel*, 298 AD2d 11, 16 [1st Dept 2002]).  Thus, the court does not find that the September 2024 agreement precludes respondent from challenging petitioner's alleged deregulation herein.

Accordingly, petitioner's motion is denied and the proceeding will be restored to the Part D (Room 524) calendar for all purposes, including trial transfer, on August 15, 2025 at 9:30 AM.

This Decision/Order will be filed to NYSCEF and a copy will be emailed to respondent.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Dated: New York, New York
      July 30, 2025                       _____
                                  HON. CLINTON J. GUTHRIE
                                    J.H.C.

APPROVED
CGUTHRIE , 7/30/2025, 9:14:39 AM

5

[* 5]